UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ARTHUR D. RICHARDSON,

Plaintiff,

v.

RENO POLICE DEPARTMENT, *et al.*,

Defendants.

Case No. 3:17-cv-00383-MMD-WGC

ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 7) ("R&R") relating to plaintiff's application to proceed *in forma pauperis* ("IFP Application") (ECF No. 1) and *pro se* complaint (ECF No. 1-1). Plaintiff filed his response on November 13, 2017 ("Response") (ECF No. 8.), indicating his acceptance of the R&R.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard

of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In terms of Plaintiff's complaint, the Magistrate Judge recommends allowing Plaintiff to proceed on his Fourth Amendment excessive force claim against the individual officers. The Magistrate Judge, however, recommends dismissing Plaintiff's claim against the Reno Police Department ("RPD") based on Plaintif's failure to allege a *Monell* claim against RPD with leave to amend. In his response, Plaintiff states that will proceed against the officers. The Court construes Plaintiff's reponse as an acknowledgment that Plaintiff does not wish to amend his complaint to assert a *Monell* claim against RPD.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 7) is accepted and adopted in its entirety.

It is ordered that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is granted. Plaintiff will be required to pay an initial parital filing fee in the amount of $23.93. Thereafter, whenever his prison account eceeds $10, he will be required to make monthly payments in the mount of twenty percent (20%) of the preceding month's income credited to his account until the filing fee is paid.

It is further ordered that the Clerk detach and file the complaint (ECF No. 1-1).

It is further ordered that the plaintiff will be permitted to proceed with this Fourth Amendment excessive force claims against Defendants Good, Flickinger, and Leedy.

It is further ordered that the claim against Reno Police Department is dismissed without prejudice.

DATED THIS 8th day of January 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE