UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARTHUR D. RICHARDSON,<br><br>Plaintiff,<br>v.<br><br>RENO POLICE DEPARTMENT, *et. al.*,<br><br>Defendants. | Case No. 3:17-cv-00383-MMD-WGC<br><br>ORDER |

**I.  INTRODUCTION**

Plaintiff Arthur D. Richardson ("Richardson"), who is proceeding *pro se*, asserts that Reno Police Department ("RPD") officers used excessive force in violation of his Fourth Amendment rights when they fired at him after he no longer posed a threat. Defendants Aaron Flickinger ("Flickinger"), Christopher Good ("Good") and Wes Leedy ("Leedy") (collectively, "the Officers") filed a motion to dismiss Richardson's claims ("Defendants' Motion"). (ECF No. 15.) Richardson filed a response and a motion to stay ("Plaintiff's Motion"). (ECF Nos. 21, 22.) The Court has reviewed the Officers' reply. (ECF No. 24.) For the reasons discussed herein, Defendants' Motion is denied; and Plaintiff's Motion (ECF No. 22) is denied as moot.

**II.  RELEVANT BACKGROUND**

After screening conducted under 28 U.S.C. §§ 1915 and 1915A, the Court permitted Richardson to proceed on his Fourth Amendment excessive force claims

///

///

against the Officers.[1] (ECF Nos. 7, 9.) Richardson's claims arise from an incident that occurred in a casino parking garage on June 21, 2015. The following facts are taken from Richardson's Complaint. (ECF No. 10.)

The Officers received reports from security at the Eldorado Casino or Silver Legacy Casino in Reno about an altercation involving a firearm nearby. "The bulletin from dispatch provided information describing the Plaintiff [and] what he was wearing. The dispatcher also pointed out that the 'suspect' was armed with a gun." (ECF No. 10 at 5.) When the Officers approached Richardson, they agreed to utilize a "lethal confrontation towards the Plaintiff without first attempting a non-lethal confrontation and arrest." (*Id.* at 3.) The Officers did not identify themselves as the police, and they yelled out conflicting instructions "that left the Plaintiff confused and scared." (*Id.* at 6.) Richard started to "back pedal[] away from the police and he pulled out his gun." (*Id.*) Once the Officers saw the gun in Richardson's hand, they pulled out their weapons and began firing at Richardson. Flickinger and Good shot Richardson "striking him approximately eight times, until the Plaintiff dropped the gun and then he began to fall to the ground." (*Id.*) At that point, Leedy started to fired his weapon, "shooting [Richardson] three more times even after [Richardson] was down." (*Id.*) Good and Flickinger "discharged their weapons again as well." (*Id.*) Richardson "was struck an additional five times after dropping his weapon and attempting to surrender." (*Id.*) Richardon was shot at an additional five times, with three of those shots coming from Leedy. While Richardson pulled out his firearm, he did not fire during the incident.

Plaintiff alleges that the Officers' conduct "caused serious injury and disfigurement." (*Id.* at 4.)

///
///

---

[1]The Complaint also named RPD but the Court dismissed any claims against RPD with leave to amend. (ECF No. 7 at 6; ECF No. 9 at 2.) Plaintiff elected not to amend. (ECF No. 8.)

## III. PLAINTIFF'S MOTION TO STAY (ECF NO. 22)

Richardson asks the Court to stay proceedings on the Officers' Motion to permit him to conduct discovery or to grant a temporary stay until he is released from custody, which he anticipates to be in July 2018.[2] (ECF No. 22 at 1-2.) The Officers responded that they do not oppose Richardson's request to stay the case. (ECF No. 24 at 1 n.1.) However, to the extent Richardson's request is for a stay of the case until July 2018, that time has now expired, rendering his request moot. Accordingly, the Court will proceed to address Defendants' Motion.

## IV. DEFENDANT'S MOTION TO DISMISS (ECF NO. 15)

### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a

---

[2]Richardson appears to be have been released in June 2018. (*See* ECF No. 31 (showing Richardson's change of address from the Northern Nevada Correctional Center to Sparks, Nevada).)

3

district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but . . . not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Though *pro se* pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

**B.     Request for Judicial Notice**

The Officers rely on the following evidence outside the pleadings to support their Motion: (1) a document titled "Sparks Police Department Officer Involved Shooting Overview" ("Overview") (ECF No. 15-1);[3] (2) surveillance video of the Silver Legacy parking garage (ECF No. 15-2); (3) transcript of interview of Richardson which was presumably conducted as part of the investigation documented in the Overview (ECF No. 15-3); (4) Judgment of Conviction filed on January 22, 2016, in the Second Judicial District

---

[3]This Overview appears to be a report of the Sparks Police Department's investigation into the Officers' shooting of Richardson.

4

1  Court (ECF No. 15-4); and (5) a document titled "Report on the June 21, 2015 Officer
2  Involved Shooting of Arthur Dell Richardson Jr." that appears to have been prepared by
3  the Office of the Washoe County District Attorney (ECF No. 15-5). (ECF No. 15 at 2-5.)
4  The Officers insist that the Court should take judicial notice of the facts found in the
5  proffered evidence because "Plaintiff's allegations concern matters documented in police
6  reports, court records and other public records" and "Plaintiff referenced some of those
7  records in his complaint." (*Id.* at 2.) The Officers overstate the Court's judicial notice
8  authority and understate their burden in moving for dismissal under Rule 12(b)(6).

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts "may take judicial notice of undisputed matters of public record," including filings in federal or state courts. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

Here, the Officers ask the Court to take judicial notice of materials that are not part of any public record, other than the Judgment of Conviction. The Court can take judicial notice of the Judgment of Conviction, showing that that Richardson was convicted of Assault with a Deadly Weapon Upon an Officer, Being a Felon in Possession of a Firearm, and Aiming a Firearm at a Human Being (ECF No. 15-4 at 2). However, the other items, including the Overview, transcript of Richardson's interview and the surveillance video footage, are not part of any public record. Nor can the Court find that the facts asserted in these materials that the Officers rely on in support of their Motion "can be accurately and readily determine from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201.

Moreover, the Officers rely on information in the Overview, including the interview of Richardson, to dispute Richardson's allegations and support their version of the facts. However, the Court must accept the factual allegations in the Complaint as true in considering dismissal under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 679. The Officers' facts

are not true or undisputed simply because they are contained in the Overiew, the transcript of Richardson's interview or and even videos. Take for example the video footage in the casino surveillance videos attached to Defendants' Motion (ECF No. 15-2). Plaintiff cites to the video footage in the Complaint to support his allegations that he grabbed his firearm because he was "merely reacting to three unidentified men who were screaming and running at the Plaintiff with their firearms pointed at him. No attempt to scream that 'it's the police' was made." (ECF No. 10 at 7.) The Officers cites to the same video footage to allege that "[t]he gun is concealed under Richardson's shirt as he walks" and he "pulls a silver handgun from the right hand pants pocket area and points it towards the officers as they fire their guns at him." (ECF No. 15 at 4.) These details as presented by Plaintiff and the Officers are not readily apparent to the Court from the video footage, which does not contain any sound. It is not readily apparent that the Officers identified themselves. Nor is it readily apparent that the concealed gun could be detected over Richardson's shirt in the referenced footage. What is apparent is Richardon brandished a firearm, a fact which he alleges in the Complaint and does not dispute. (*See* ECF No. 10 at 3-4; ECF No. 21 at 5.)

In sum, the Court denies the Officers' request to take judicial notice of the attachments to their Motion, except for the Judgment of Conviction.

**B.    Discussion**

The Officers assert two arguments in support of dismissal—that they did not use excessive force in violation of the Fourth Amendment and that Richardson's claims are barred under *Heck v. Humphrey,* 512 U.S. 477 (1994). (ECF No. 15 at 6-8.) The Court rejects both arguments.

      **1.    Excessive Force**

A claim of excessive force during an arrest is analyzed under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor,* 490 U.S. 386, 388 (1989). To determine whether the use of force by a law enforcement officer was excessive under the Fourth Amendment, a court must assess whether it was objectively reasonable "in light of the facts and circumstances confronting [the officer], without regard to their

underlying intent or motivation." *Id.* at 397. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion of the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal quotation marks omitted). In this analysis, the Court must consider the following factors: (1) the severity of the crime at issue; (2) whether the plaintiff posed an immediate threat to the safety of the officers or others; and (3) whether the plaintiff actively resisted arrest. *Id.*; *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001). While these factors act as guidelines, "there are no per se rules in the Fourth Amendment excessive force context." *Mattos v. Agarano,* 661 F.3d 433, 441 (9th Cir. 2011) (en banc).

The Ninth Circuit has repeatedly recognized that excessive force cases are rarely suited for summary judgment, let alone dismissal under Rule 12(b)(6). "Because [the excessive force inquiry] nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, we have held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly." *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002); *see also Liston v. Cty. of Riverside*, 120 F.3d 965, 976 n.10 (9th Cir. 1997) ("We have held repeatedly that the reasonableness of force used is ordinarily a question of fact for the jury.").

Plaintiff alleges that the Officers engaged in excessive force when they continued to fire shots at him as he was falling and after he had fallen on the ground. In particular, Plaintiff alleges that Leedy fired "three more times even after the Plaintiff was down." (ECF No. 10 at 6.) He alleges that Good and Flickinger "discharged their weapons again as well" and that he "was struck an additional five times after dropping his weapon and attempting to surrender."[4] (*Id.*) Accepting these allegations as true, Plaintiff no longer posed as a threat after he was shot, he was laying on the ground and he was no longer resisting arrest

---

[4]Even if the Court were to consider the video surveillance, the truth of these allegations cannot be readily determined.

7

when the Officers fired shots at him and striking him again. These allegations state a plausible claim for relief for excessive force in violation of Plaintiff's Fourth Amendment rights.

### 2. Heck Bar

The Officers argue that Plaintiff's claims are barred under *Heck* because "he was convicted for the behavior that caused police to use force against him." (ECF No. 15 at 8.) Plaintiff counters that he is challenging the force used after he had fallen and no longer presented a threat, not the initial use of force. He states: "The Plaintiff recognizes that he violated the law when he pointed a gun at police and he realizes that in that situation the police had a right to shoot for the purpose of neutralizing the threat but once the threat is neutralized all shots from that point on become excessive force." (ECF No. 21 at 7.)

In *Heck v. Humphrey*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." 512 U.S. at 486-87 (footnote omitted). However, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487 (footnotes omitted).

Here, Plaintiff readily admits that he is not challenging the conduct that led to his convictions, including his brandishing of a firearm that caused the Officers to fire shots at him initially. Instead, Plaintiff challenges the Officers' alleged use of force after he had been neutralized that caused him significant injuries. Plaintiff's claims, even if successful, will not undermine the validity of the convictions found in the Judgment of Conviction. Thus, the Court finds that Plaintiff's claims are not barred under *Heck*.

///

## V. CONCLUSION

The Court notes that Defendant made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the parties' motions.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 15) is denied.

It is further ordered that Plaintiff's motion to stay (ECF No. 22) is denied.

DATED THIS 9th day of August 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE